RECEIVED
JUL 07 2023
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY_____
amdcmp

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
(SHREVEPORT DIVISION)

KEVIN JEROME JAMES                        CIVIL ACTION NO: 23-509-P

VERSUS                                    JUDGE: HICKS

ARRON MITCHELL, SHERIFF OF SABINE         MAG. JUDGE: HORNSBY
PARISH; BERLIN SWEET, WARDEN AT
SABINE PARISH DETENTION CENTER;
JOHN/JANE DOE, MEDICAL ADMINISTRATOR
AT SABINE PARISH DETENTION CENTER;
and MELISSA VINE, NURSE AT SABINE
PARISH DETENTION CENTER

## PROPOSED AMENDED COMPLAINT

This is a civil rights action filed by Kevin Jerome James, formally prisoner at Sabine Parish Detention Center, for damages and injunctive relief under 42 U.S.C. § 1983 alleging denial of medical care in violation of the Eighth Amendment of the United States Constitution. The plaintiff also alleges the torts of negligence.

1. This Court has jurisdiction over this plaintiff's claims of violations of federal constitutional rights under 42 U.S.C. § 1331(1) and 1343.

2. The Court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. § 1367.

PARTIES

3. The plaintiff Kevin Jerome James, was incarcerated at Sabine Parish Detention Center during the events described in this complaint.

①

4. Defendant Arron Mitchell is the Sheriff of Sabine Parish and is responsible for the Sabine Parish Detention Center.

5. Defendant Berlin Sweet is the Warden of Sabine Parish Detention Center and is responsible for its day to day operations.

6. Defendant John/Jane Doe is the Medical Administrator at Sabine Parish Detention Center and is generally responsible for ensuring provision of medical care for prisoners and specifically for scheduling medical appointments outside the Detention Center when a prisoner needs specialized medical treatment or evaluation.

7. Defendant Melissa Vine is a Nurse at Sabine Parish Detention Center and is generally responsible for medical care generally of prisoners at Sabine Parish Detention Center.

FACTS

8. On December 20, 2020, Plaintiff Kevin Jerome James was arrested and detained by the Sabine Parish Seriff's Office.

9. Prior being arrested Mr. James had undergone groin and hernia surgery and was still experiencing severe pain from the surgery and needed additional care.

10. Plaintiff requested medical care and treatment for his severe groin and hernia pain that had become so severe that the pain became unbareable. Plaintiff made his request for medical care through the kiosk machine.

11. Ultimately plaintiff was seen by Nurse Mrs. Melissa Vine. Mrs. Vine gave Mr. James a muscle relax cream for the pulled muscle in his groin and flexural for his back pain. Mrs. Vine failed and refused to give plaintiff anything for his hernia.

12. On July 26, 2021, Plaintiff, while still in severe pain from his groin and hernia and receiving no treatment thereof attempted to retrieve his breakfast tray meal. Mr. James due to his inability to walk properly as a result of his injuries, ultimately fell down the stairs on his way down them.

13. Plaintiff as a direct result of his failing down the stairs injuried his ankle and severely injuried his vertebrate in his neck. This fall also aggravated his groin injury.

14. Plaintiff was taken to the Sabine Medical Center, where his ankle was examined and found to be broken. A surgical procedure was done on Mr. James' ankle, which ultimately required two screws in his ankle and one plate implant. However, plaintiff's injuries for his groin and hernia were never addressed even though Mr. James urgently brought this to Defendant's attention as well as the surgical doctors at Sabine Medical Center.

15. Plaintiff reached out multiple times for medical assistance for help for his groin and hernia condition, but to no avail and simply had to constently endure further pain and discomfort without any form of relief from/through medical care from Defendants. Mr. James has been transferred to David Wade Correctional Center as as of this current date continues

③

to suffer from severe pain in his groin area to the point that it has become unbareable and difficult to walk properly or sit down for long periods of time without pain, which has cause emotional effects of not being able to exercise, watch television for to long, lack of sleep due to the pain and mental depression from being in constent pain throughout the days and nights.

16. Defendant John/Jane Doe is responsible for medical care generally and for arranging for specialized medical care outside the Detention Center.

17. Defendant Vine is one of the Nurses responsible for medical care generally and for helping coordinate with the Medical Administrator for the arrangements for general medical care and specialized medical care outside the Sabine Parish Detention Center.

18. The Plaintiff has had to constantly endure great unbareable pain with his groin and hernia still causing him problems to this day and does not allow him to walk with the full functionality of a normal person without severe pain or sit for long periods of time.

19. On information and belief, if the plaintiff is not promptly provided with medical care to treat these injuries, he risks permanent damage and disability to his groin and hernia.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

20. The plaintiff sought to exhaust his remedies available to him at the

Sabine Parish Detention Center with respect to all claims and Defendants but received no response whatsoever in relation thereto.

CLAIMS FOR RELIEF

21. The failures of the Defendant John/Jane Doe and Vine to provide for follow-up examination of plaintiff on his groin and hernia surgery to determine whether or not plaintiff sustained further injury, and no follow-up treatment for his groin and hernia, constituted dileberate indifference to the plaintiff's serious medical needs in violation of the Eighth Amendment of the United States Constitution.

22. The failures of the Defendants John/Jane Doe and Vine to provide for follow-up examination of plaintiff on his groin and hernia surgery to determined whether or not plaintiff sustained further injury, and to not follow-up treatment for his groin and hernia constitute the tort of negligence under the laws of the State of Louisiana.

23. The failure of Defendants John/Jane Doe and Vine to take steps to ensure Plaintiff received the needed treatment, despite their knowledge of Plaintiff's serious medical needs, constituted deliberate indifference to Plaintiff's medical needs.

24. The failures of Defendants John/Jane Doe and Vine resulted in failure to provide needed medical treatment, Plaintiff suffered further injury and physical and emotional pain and injury that he still experiences to this date.

5

NEGLIGENCE

25. Defendants John/Jane Doe and Vine owed Plaintiff a duty of reasonable medical care.

26. Defendants John/Jane Doe and Vine breached that duty by failing to provide medical care and treatment for Plaintiff's groin and hernia injuries despite Mr. James informing them of his prior surgery and further injury to his groin and hernia after he fell down some stairs.

27. The breach of duty resulted in serious physical and emotional injury and damages that are still unknown at this time.

28. The breach of duty proximately cause those further damages that were committed by Defendants.

RELIEF REQUESTED

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1. Defendants John/Jane Doe and defendant Vine's actions in failing to provide adequate medical care for the plaintiff violated, and continues to violate, the plaintiff's rights under the Eighth Amendment of the United States Constitution.

B. Issue an Injunction ordering:

1. Immediate arrange for plaintiff's needs for follow-up examination and follow-up treatment to be evaluated by a doctor with the expertise

in the treatment and restoration and function of groin and hernia injury resulting from surgical procedures; and

2. Carry out without delay such follow-up examination and treatment plans directed by the doctor.

C. Award damages jointly in the amount of ($2,000,000) Two-Million Dollars for the physical and emotional injury resulting from their failure to provide adequate medical care for the plaintiff.

D. Grant such other relief as it may appear that plaintiff is entitled.

Date: June 30, 2023

Respectfully Submitted,

*Kevin Jerome James*
KEVIN JEROME JAMES #768012
D. Wade Corr. Ctr.  H-2-A
670 Bell Hill Road
Homer, Louisiana 71040

⑦