# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

KEVIN JEROME JAMES

CIVIL ACTION NO: 5:23-cv-00509

VERSUS

JUDGE JERRY EDWARDS, JR.

AARON MITCHELL, ET AL.

MAGISTRATE JUDGE HORNSBY

## MEMORANDUM IN SUPPORT OF
## FRCP 12(b)(1) AND 12(b)(6) MOTION TO DISMISS

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation

By:    /s/ James Ashby Davis
        Elizabeth Mendell Carmody, #25792
        Jordan B. Bird, #32344
        James Ashby Davis, #37653
        Sarah E. Hyde, #40404
333 Texas Street, Suite 1700
P.O. Box 22260
Shreveport, LA 71120-2260
Telephone: (318) 221-6277
Telecopier: (318) 227-7850
ATTORNEYS FOR DEFENDANTS SABINE
PARISH SHERIFF AARON MITCHELL,
WARDEN BERLION SWEET, AND ASSISTANT
WARDEN KAYLYNN REMEDIES

# TABLE OF CONTENTS

Table of Authorities .................................................................................................iii-v

I.      Introduction..............................................................................................1

II.     Statement of Facts According to Plaintiff's Complaint............................3

III.    Legal Standards.........................................................................................5

        A.  The Court's review under Rules 12(b)(1) and 12(b)(6) ..................5

IV.     Law & Analysis ........................................................................................6

        A.  All claims for declaratory and injunctive relief should be dismissed without
            prejudice as moot...........................................................................6

        B.  All official capacity claims against Warden Sweet and Assistant Warden
            Remedies should be dismissed as duplicative ................................7

        C.  All official capacity/*Monell* claims should be dismissed................8

        D.  Plaintiff's Eighth Amendment claims against the Sheriff Defendants in their
            individual capacities should be dismissed because Plaintiff's allegations are
            insufficient to overcome either step of the Sheriff Defendants' qualified
            immunity ......................................................................................12

        E.  Plaintiffs' state law claims against the Sheriff Defendants should be
            dismissed ....................................................................................17

V.      Conclusion ..............................................................................................20

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Alton v. Texas A&M University,* 158 F.3d 196, 200 (5th Cir. 1999) ...................................... 14-16

*Anderson v. Marshall County, Miss.,* 637 Fed. Appx. 127, 134 (5th Cir. 2016) .......................... 9

*Anokwuru v. City of Houston,* 990 F.3d 956,965-966 (5th Cir. 2021) ....................................... 10

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ................................................................. 6

*Aucoin v. Larpenter,* 2020-0792 (La. App. 1 Cir. 4/16/2021), 324 So. 3d 626, 636-640 ....... 18-20

*Beck v. Lynaugh,* 842 F.2d 759, 762 (5th Cir. 1988) ...................................................... 7

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) ............................................... 6

*Brauner v. Coody,* 793 F.3d 493, 501 (5th Cir. 2015) .................................................... 13

*Castro Romero v. Becken,* 256 F.3d 349, 355 (5th Cir. 2001) .......................................... 7

*City of Tahlequah v. Bond,* 595 U.S. 9, 12-13 (2021) ................................................... 17

*Cleveland v. Bell,* 938 F.3d 672, 676 (5th Cir. 2019) .......................................... 12, 16

*Coleman v. Lincoln Par. Det. Ctr.,* 858 F.3d 307, 309 (5th Cir. 2017) ............................... 7

*Connick v. Thompson,* 563 U.S. 51, 61 (2011) .......................................................... 9

*Cooper v. Sheriff, Lubbock Cty.,* 929 F.2d 1078, 1084 (5th Cir. 1991) ............................... 7

*Dailey v. Vought Aircraft Co.,* 141 F.3d 224, 227 (5th Cir. 1998) .................................... 6

*District of Columbia v. Wesby,* 538 U.S. 48, 63-64 (2018) ........................................... 16

*Dominique v. Parish,* 2019-0452 (La. App. 1 Cir. 9/16/2020), 313 So. 3d 307, 316 .................. 18

*Estate of Davis ex rel. McCully v. City of North Richland Hills,* 406 F.3d 375, 382-383 (5th Cir. 2005) ........................................................................................... 9-10

*Garza v. City of Donna,* 922 F.3d 626, 634 (5th Cir. 2019) ......................................... 8-9

*Garza v. Spence,* 244 F.3d 136 (5th Cir. 2000) ......................................................... 7

*Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006) ........................................... 12-16

*Gregor v. Argenot Great Cent. Ins. Co.,* 2002-1138 (La. 5/20/2003), 851 S.2d 959, 965 .......... 18

*Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639-643 (5th Cir. 1996) ......................................... 9

*Herman v. Holiday,* 238 F.3d 660, 665 (5th Cir. 2001).................................................................. 7

*Kentucky v. Graham,* 473 U.S. 159, 165-167 (1986) ..................................................................... 7

*Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)................................. 6

*Krout v. Goemmer,* 583 F.3d 557, 568-570 (8th Cir. 2009) ......................................................... 13

*Lee v. Young,* 533 F.3d 505 (7th Cir. 2008)............................................................................. 13-14

*Meadours v. Ermel,* 483 F.3d 417, 420-421 (5th Cir. 2007) .................................................. 12, 16

*Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980)....................................... 5

*Monell v. Dept. of Soc. Servs. Of City of New York,* 436 U.S. 658, 691 (1978)............................ 8

*Morgan v. Swanson,* 659 F.3d 359, 396 (5th Cir. 2011).............................................................. 6

*Mullenix v. Luna,* 577 U.S. 7, 12 (2015)..................................................................................... 17

*Pearson v. Callahan,* 555 U.S. 223, 232 (2009)................................................................... 12, 16

*Perkins v. Entergy Corp.,* 2000-1372 (La. 3/23/2001), 782 So.2d 606, 611 .............................. 17

*Peterson v. City of Fort Worth,* 588 F.3d 838, 847 (5th Cir. 2009)............................................... 8

*Poole v. City of Shreveport,* 691 F.3d 624, 627 (5th Cir. 2012) ................................................. 17

*Porter v. Epps,* 659 F.3d 440, 447 (5th Cir. 2011) ..................................................................... 10

*Rabalais v. Nash,* 2006-0999 (La. 3/9/2007); 952 So.2d 653, 658.............................................. 19

*Rivas-Villegas v. Cortesluna,* 595 U.S. 1, 6 (2021)..................................................................... 17

*Rombach v. Culpepper,* 2021 WL 2944809 at *9-10 (5th Cir. 2021) .................................... 18-20

*Varela v. Gonzales,* 773 F.3d 704, 707 (5th Cir. 2014).............................................................. 6

*Victoria W. v. Larpenter,* 369 F. 3d 475, 489 (5th Cir. 2006) ...................................................... 9

*Woods v. Edwards,* 51 F.3d 577, 583 (5th Cir. 1995)............................................................. 14-16

**Statutes**

42 U.S.C. § 1983 ................................................................................................ 5, 8, 14

U.S. Const. Art. III, § 2 ............................................................................................. 6

La. Admin Code tit. 46 ........................................................................................... 11

La. R.S. 9:2798.1 ............................................................................................. 3, 18-19

## <u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>

NOW INTO COURT, through undersigned counsel, come Defendants Sabine Parish Sheriff Aaron Mitchell, Warden Berlion Sweet (identified as "Berlin" Sweet in Plaintiff's pleadings), and Assistant Warden Kaylynn Remedies (collectively, the "Sheriff Defendants"), representing as follows:

## I.     <u>INTRODUCTION</u>.

In this case, Plaintiff Kevin Jerome James ("Plaintiff") asserts Eighth Amendment inadequate medical care and state law negligence claims against the Sheriff Defendants and Nurse Practitioner Melissa Vines ("NP Vines") based upon events that occurred when he was an inmate at the Sabine Parish Detention Center ("SPDC"). Plaintiff admits that he was seen by both NP Vines and physicians at a local hospital, and that he did receive some medical treatment for his alleged ailments of pain in his groin and from a hernia. But he nonetheless asserts in a conclusory manner that the Sheriff Defendants and NP Vines violated his Eighth Amendment rights and were negligent. He seeks declaratory relief, injunctive relief, and $2 million in compensatory damages. [*See* Doc. 1 at p. 3-4; Doc. 12 at p. 5-7].

All of Plaintiff's claims should be dismissed. First, Plaintiff's claims for declaratory and injunctive relief are moot under binding Fifth Circuit precedent because Plaintiff is no longer an inmate at SPDC and has not been an inmate at SPDC since at least April 18, 2023, the date on which he filed his original complaint. Accordingly, those claims must be dismissed without prejudice for lack of subject matter jurisdiction.

Second, Plaintiff's official capacity claims (referred to in Plaintiff's original complaint as "professional capacity" claims, Doc. 1 at p. 1) against the Sheriff Defendants should be dismissed with prejudice. All of Plaintiff's federal official capacity claims against Warden Sweet and

Assistant Warden Remedies should be dismissed as duplicative of the official capacity claims against Sheriff Mitchell, because Sheriff Mitchell in his official capacity is the only proper defendant for such claims. Further, Plaintiff's factual allegations fall far short of what is required to plead a *Monell*/official capacity claim for a violation of a constitutional right. In particular, Plaintiff fails to allege facts showing any unconstitutional custom, policy, or practice by Sheriff Mitchell. In fact, the factual allegations that Plaintiff does make regarding his medical treatment show that there were policies and procedures in place to provide medical care to inmates at SPDC, and that Plaintiff himself received medical care in response to his request for treatment. Finally, Plaintiff fails to plead facts showing any prior incidents at NPDC putting Sheriff Mitchell on notice that the customs, policies, or practices regarding inmate medical care at SPDC were purportedly unconstitutional – an essential element of Plaintiff's official capacity claims.

Third, Plaintiff's individual capacity claims against the Sheriff Defendants should be dismissed with prejudice. The Sheriff Defendants in their individual capacities are entitled to qualified immunity as to these claims. At the first step of qualified immunity, Plaintiff's factual allegations, which barely even mention the Sheriff Defendants, fall far short of what is required to meet the stringent standard of showing an Eighth Amendment violation, which requires showing deliberate indifference to a serious medical need. In fact, Plaintiff's limited factual allegation show that the only people who made any medical decisions with respect to Plaintiff are medical professionals (NP Vines and doctors at a hospital), to whom the Sheriff Defendants are supposed to defer as to such decisions. At the second step of qualified immunity, Plaintiff cannot point to precedent that clearly establishes that the conduct of any of the Sheriff Defendants as alleged by Plaintiff violated any constitutional right.

Fourth, Plaintiff's state law negligence claims should be dismissed with prejudice. Plaintiff's limited factual allegations against the Sheriff Defendants fail to meet the elements of the tort of negligence under Louisiana law. Further, the Sheriff Defendants are entitled to discretionary or policymaking acts immunity under La. R.S. 9:2798.1 as to such claims. Plaintiff's factual allegations, which barely even mention the Sheriff Defendants, fall far short of what is required to overcome their immunity under La. R.S. 9:2798.1 as to Plaintiff's state law negligence claims.

## II.   STATEMENT OF FACTS ACCORDING TO PLAINTIFF'S COMPLAINTS

Plaintiff alleges that he was arrested by an unnamed Sabine Parish Sheriff deputy on December 20, 2020, and was housed at SPDC after his arrest because he was unable to satisfy his bond. He asserts that before he was arrested, he had a hernia surgery. He claims that when he was arrested and booked into SPDC, he still suffered pain from his hernia and in a groin muscle. [Doc. 1 at p. 4; Doc. 12 at p. 2].

Plaintiff alleges that he requested medical care through a kiosk machine at SPDC that allows inmates to make such requests. Plaintiff admits that in response to this request, he was seen by NP Vines of Toledo Health Care. He admits that NP Vines gave him "a muscle relax cream for the pulled muscle in his groin and flexur[i]l for his back pain." But he disagrees with NP Vines' medical judgment that he did not need anything for his hernia, and he disagrees with her decision not to send him to the emergency room ("ER") for his claimed conditions. [Doc. 1 at p. 4; Doc. 12 at p. 3].

On July 26, 2021, Plaintiff claims that he fell down the stairs on his way to obtain a breakfast tray. He claims that his fall was a result of the ongoing pain he was experiencing in his groin and due to his hernia. He claims that as a result of the fall down the stairs, he "injured his

ankle and severely injured [one of the vertebrae] in his neck." He claims that this fall also aggravated his groin injury. [Doc. 1 at p. 4; Doc. 12 at p. 3].

Plaintiff admits that he was taken to Sabine Medical Center, a hospital, after his fall at SPDC. He admits that while at Sabine Medical Center, his ankle was examined and found to be broken. He admits that he had surgery involving the placement of two screws and a metal plate in his ankle at Sabine Medical Center. He claims that he urgently brought his alleged groin and hernia pain to the attention of the doctors at Sabine Medical Center. Apparently, those doctors agreed with NP Vines' medical judgment that Plaintiff did not need any additional treatment for his claimed groin and hernia pain, and thus they did not provide him with any such additional treatment. [Doc. 1 at p. 4; Doc. 12 at p. 3].

At some point between July 26, 2021, and April 18, 2023, that is not specifically identified in Plaintiff's complaints, Plaintiff was transferred out of SPDC and to David Wade Correctional Center ("DWCC") in Homer, Louisiana. He claims that he continues to experience pain in his groin and hernia. [Doc. 1 at p. 4; Doc. 12 at p. 3-4].

On April 18, 2023, Plaintiff filed the instant action against the Sheriff Defendants and NP Vines. [*See* Doc. 1]. On July 11, 2023, Plaintiff's amended complaint was filed with the Court after the Court ordered the Plaintiff to amend his complaint and provide more factual detail regarding his claims. [*See* Docs. 7 and 12]. Notably, the Court specifically ordered Plaintiff to allege "the personal involvement of each Defendant in the events and situation forming the basis of this lawsuit" and ordered Plaintiff to "[b]e specific as to personal involvement" – probably because Plaintiff made no specific factual allegations whatsoever against the Sheriff Defendants in his original complaint. [Doc. 7 at p. 4].

Nonetheless, in Plaintiff's amended complaint, Plaintiff persisted in making no specific factual allegations whatsoever against the Sheriff Defendants. Instead, he merely named Sheriff Mitchell and Warden Sweet as defendants. His sole allegations against them are that Sheriff Mitchell is "the Sheriff of Sabine Parish and is responsible for the Sabine Parish Detention Center" and that Warden Sweet "is the Warden of Sabine Parish Detention Center and is responsible for its day to day operations." [Doc. 12 at p. 2]. Notably, Plaintiff did not name Assistant Warden Remedies as a defendant in his amended complaint or even mention her at all in his amended complaint. [*See id.*].

In Plaintiff's complaint and amended complaint, he specifically brings an Eighth Amendment claim under 42 U.S.C. § 1983 for inadequate medical care and a negligence claim under Louisiana law. He seeks a declaration that a "John Doe" defendant and NP Vines' actions violated and continue to violate his Eighth Amendment rights. [Doc. 12 at p. 6]. He seeks injunctive relief in the form of an order that (1) there be an investigation into his allegations; (2) he be provided examination and treatment by a doctor; and (3) policy changes be implemented at SPDC. [Doc. 1 at p. 4; Doc. 12 at p. 6-7]. Finally, he also seeks $2 million in compensatory damages for the "physical and emotional injury" that he claims to have suffered as a result of the purported failure to provide medical care. [Doc. 12 at p. 7].

III.   **LEGAL STANDARDS.**

   **A.  The Court's Review Under Rules 12(b)(1) and 12(b)(6).**

In this Motion, the Sheriff Defendants assert a "facial attack" on the Plaintiff's complaint with respect to subject matter jurisdiction, specifically as to whether Plaintiff's requests for declaratory and injunctive relief are moot. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Federal courts are courts of limited subject matter jurisdiction, and they may

only adjudicate live "cases" and "controversies." U.S. Const. Art. III, § 2. Mootness is a question of subject matter jurisdiction. *See Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998). It is presumed that a case lies outside the limited subject matter jurisdiction of the federal courts. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "The burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." When reviewing a complaint under the Rule 12(b)(6) standard, all facts alleged in the complaint must be accepted as true, those facts must be construed in a light most favorable to the plaintiff, and all reasonable inferences must be drawn in favor of the plaintiff. *Morgan v. Swanson*, 659 F.3d 359, 396 (5th Cir. 2011). However, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal citations omitted).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545 (internal citations omitted). To survive a Rule 12(b)(6) motion, the Complaint's allegations must be sufficient "to raise a right to relief above speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citation and footnote omitted). Likewise, a plaintiff must put forth more than generalized, "unadorned, the defendant-unlawfully-harmed-me accusation[s]." *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV.    LAW & ANALYSIS.

### A. All claims for declaratory and injunctive relief should be dismissed without prejudice as moot.

Plaintiff seeks both declaratory and injunctive relief in this case. [Doc. 1 at p. 4; Doc. 12 at p. 6-7]. But Plaintiff has been transferred out of SPDC to DWCC, a state-run facility in Claiborne Parish, Louisiana. Though the date on which Plaintiff's transfer occurred is not clear from his complaint or amended complaint, it is clear that Plaintiff has been at DWCC since at least April 18, 2023, when he filed his original complaint in this Court and stated that he was at DWCC at that time. [*See* Doc. 1].

Under Fifth Circuit precedent, Plaintiff's transfer out of SPDC and to DWCC renders all his claims for declaratory and injunctive relief moot. Accordingly, all claims for declaratory and injunctive relief should be dismissed. *See Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017); *Cooper v. Sheriff, Lubbock Cty.*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988).

### B. All official capacity claims against Warden Sweet and Assistant Warden Remedies should be dismissed as duplicative.

An "official-capacity claim against [an individual local government employee] is really a claim against [the local government entity itself] and [is] therefore properly dismissed as duplicative." *Garza v. Spence*, 244 F.3d 136 (5th Cir. 2000); *see Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001); *see Kentucky v. Graham*, 473 U.S. 159, 165-167 (1986).

Plaintiff sued Warden Sweet and Assistant Warden Remedies in both their individual and official capacities. [Doc. 1 at p. 1]. The official capacity claims against these defendants are duplicative of the official capacity claims against Sheriff Mitchell. Accordingly, all such claims should be dismissed as duplicative. All official capacity claims against Warden Sweet and Assistant Warden Remedies should also be dismissed with prejudice for the reasons set forth in Section IV(C) below.

**C. All official capacity/*Monell* claims should be dismissed.**

In a federal constitutional claim under Section 1983 against an official in his or her official capacity, also known as a municipal liability or *Monell* claim, a plaintiff must establish both a constitutional violation and additional elements. In other words, even if Plaintiff's allegations adequately allege a violation of a constitutional right by a particular defendant (and they do not), Plaintiff must also allege facts that meet the additional elements necessary to prove a municipal liability/*Monell* claim. Plaintiff failed to do so.

***Legal standards for* Monell/*official capacity claims:*** Local government entities like Sheriff Mitchell in his official capacity can only be held liable for an unconstitutional policy or practice, *i.e.*, an act by the local government entity itself or its ultimate policy-making body or official, rather than merely an act by one of its employees. There is no vicarious liability for Section 1983 claims. In short, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).

"To establish municipal liability under §1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). It is very difficult for a plaintiff "to satisfy the demanding standards required by *Monell* and its progeny to hold [a government entity] liable." *Id.* at 852. To prove a *Monell* claim against a local government entity for the alleged violation of Eighth or Fourteenth Amendment rights in the context of jail medical care, the plaintiff must establish: (1) subjective "deliberate indifference" to his "serious medical need" by an individual government employee; and (2) that the violation of his constitutional rights resulted from "a policy or custom adopted and maintained with objective

deliberate indifference" by the government entity in question. *Garza v. City of Donna*, 922 F.3d 626, 634 (5th Cir. 2019).[1] "[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). "[D]emonstrating deliberate indifference to prove municipal liability is not easy." *Victoria W. v. Larpenter*, 369 F.3d 475, 489 (5th Cir. 2006). It is a "stringent test," and "'a showing of simple or even heightened negligence will not suffice'." *Id.* Under Supreme Court and Fifth Circuit jurisprudence, there are a limited number of ways that a plaintiff can prove an unconstitutional custom, policy, or practice that was the moving force behind an alleged constitutional violation:

1. "[W]ritten policy statements, ordinances, or regulations." *Garza*, 922 F.3d at 637.

2. "[A] widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Id.*

3. "[A] failure to train, provided that the failure is closely related to the ultimate injury and not just attributable to a particular officer's shortcomings." *Id.*

4. "[A] decision to adopt a course of action to handle a particular situation, if made by an authorized decisionmaker." *Id.*

Further, if a plaintiff's *Monell* claim is not based on an express policy but rather is based on an alleged (1) *de facto* unconstitutional custom, policy, or practice, (2) a failure to train, (3) a failure to supervise, or (3) a failure to promulgate a policy, the plaintiff faces an additional burden. To successfully allege such a claim, the plaintiff must "show that a pattern of similar incidents put the municipality on notice" of a need for a change in policy, training, supervision, etc., before the date of the plaintiff's alleged constitutional violation. *Anderson v. Marshall County, Miss.*, 637

---

[1] The legal standards for an Eighth Amendment inadequate medical care claim by a convicted inmate and a Fourteenth Amendment insdequate medical care claim by a pretrial detainee are the same. *See Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639-643 (5th Cir. 1996) (*en banc*).

Fed. Appx. 127, 134 (5th Cir. 2016); *see Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 382-383 (5th Cir. 2005); *Anokwuru v. City of Houston*, 990 F.3d 956, 965-966 (5th Cir. 2021); *Porter v. Epps*, 659 F.3d 440, 447 (5th Cir. 2011).

***Application of legal standards to Plaintiff's allegations:*** Plaintiff's allegations against the Sheriff Defendants fall far short of what is required to plead a *Monell*/official capacity claim under the legal standards set forth above. Plaintiff's complaint and amended complaint barely mention the Sheriff Defendants at all. In particular, Plaintiff's complaint and amended complaint do not identify any unconstitutional custom, policy, or practice that was purportedly the moving force behind the alleged violation of his Eighth Amendment rights, much less allege facts showing that such an unconstitutional custom, policy or practice existed or specifically identifying what the unconstitutional custom, policy, or practice was. Further, even if this failure could be overcome (and it cannot), Plaintiff's complaint and amended complaint fail to allege any prior similar incidents regarding inmate medical care at SPDC that would have put the Sheriff Defendants in their official capacities on notice of a need for a change in customs, policies, or practices at SPDC with respect to inmate medical care. Accordingly, Plaintiff's *Monell*/official capacity claims fail because Plaintiff failed to allege any facts whatsoever regarding those claims.

Finally, the facts that are alleged in Plaintiff's complaint and amended complaint actually rebut any assertion that there was any "deliberate indifference" to inmate medical needs with respect to the customs, policies, or practices regarding inmate medical care at SPDC. Plaintiff's own allegations show that the manner in which medical care was provided to inmates at SPDC was not deliberately indifferent, but rather ensured the provision of medical care to inmates.

Plaintiff admits that SPDC had a kiosk machine that inmates could use to submit electronic medical requests. Plaintiff admits that this machine was in working order, as he used it to submit

a medical request regarding his alleged hernia and groin pain while at SPDC. Plaintiff admits that Sabine Parish Sheriff deputies at the jail were apparently checking and reviewing the messages sent through the kiosk machine, since Plaintiff did receive a response to his medical request in the form of a referral to see NP Vines regarding that request. Plaintiff admits that NP Vines actually saw him and provided him with two different types of medication while he was at SPDC. [Doc. 1 at p. 4; Doc. 12 at p. 2-3]. Notably, a nurse practitioner is a type of advanced practice registered nurse who has gone through extensive training and education beyond what is required for a registered nurse, and who has the authority to write prescriptions. La. Admin Code. tit. 46, Pt XLVII, §§ 4503, 4505, 4507, and 4513. Thus, under Plaintiff's own allegations, inmates at SPDC have access to and are seen by an educated, trained, and licensed advanced practice registered nurse/nurse practitioner when they request medical care, a fact that strongly undermines any assertion that the customs, policies, or practices for the delivery of medical care at SPDC violated the Eighth Amendment.

Finally, Plaintiff also admits that after he fell down the stairs at SPDC, he was taken to Sabine Medical Center, a hospital. There, he apparently received X-rays or other radiological scans and was seen by "surgical doctors," who performed an operation on him in which two screws and a plate were installed in his ankle. [Doc. 1 at p. 4; Doc. 12 at p. 3]. Thus, under Plaintiff's own allegations, inmates at NPDC had access to both clinical care from NP Vines and to a higher level of care at a hospital, including orthopedic surgery, when necessary. Accordingly, Plaintiff's own allegations definitively show that there was no unconstitutional custom, policy, or practice with respect to the provision of medical care to inmates at SPDC.

Plaintiff's threadbare allegations against Sheriff Mitchell, Warden Sweet, and Assistant Warden Remedies fall far short of alleging sufficient facts to show the existence of an

unconstitutional custom, policy, or practice that was the moving force behind the alleged violation of his Eighth Amendment rights. In fact, Plaintiff's own allegations show that there was no unconstitutional custom, policy, or practice regarding inmate medical care at SPDC while he was an inmate there. All of Plaintiff's official capacity/*Monell* claims should be dismissed with prejudice.

### D. Plaintiff's Eighth Amendment claims against the Sheriff Defendants in their individual capacities should be dismissed because Plaintiff's allegations are insufficient to overcome either step of the Sheriff Defendants' qualified immunity.

***Legal standards for Eighth Amendment inadequate medical care claims:*** At the first step of qualified immunity in the context of a motion to dismiss, the Court's task is to review the plaintiff's factual allegations to determine whether they are sufficient to allege a violation of any constitutional right by each defendant. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The alleged actions of each defendant must be assessed individually, not collectively. *See Meadours v. Ermel*, 483 F.3d 417, 420-421 (5th Cir. 2007).

In a constitutional claim based upon allegedly inadequate jail medical care, a plaintiff must demonstrate "deliberate indifference" to his or her "serious medical need." *Id.* at 647-648. To establish a "deliberate indifference" to a "serious medical need," a plaintiff must show that the defendant: (1) was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists;" (2) subjectively "drew the inference that the risk existed; and (3) disregarded the risk." *Cleveland v. Bell*, 938 F.3d 672, 676 (5th Cir. 2019) (internal quotations omitted).

Deliberate indifference is an exacting standard – "an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's

disagreement with his medical treatment, absent exceptional circumstances. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. A showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* at 346 (internal quotations and footnotes omitted).

***Application of Eighth Amendment standard to Plaintiff's allegations:*** Plaintiff's allegations against each of the Sheriff Defendants fall far short of what is required to allege facts showing that they were "deliberately indifferent" to any serious medical need.

As to Sheriff Mitchell, Plaintiff barely mentions Sheriff Mitchell in his complaint or amended complaint at all. Plaintiff's only allegations against Sheriff Mitchell are to identify him as a defendant in the case and to state that he "is the Sheriff of Sabine Parish and is responsible for the Sabine Parish Detention Center." [Doc. 1 at p. 3; Doc. 12 at p. 2]. Plaintiff never makes any other factual allegations whatsoever against Sheriff Mitchell. Plaintiff never alleges that he had any personal interaction with Sheriff Mitchell. Plaintiff never alleges that Sheriff Mitchell even knew about Plaintiff's claimed medical issues. Plaintiff never alleges that Sheriff Mitchell had any personal involvement with any of the matters set forth in his complaint or amended complaint.

Further, Plaintiff's own allegations show that he was seen by both NP Vines and the "surgical doctors" at Sabine Medical Center for his complaints of groin and hernia pain – meaning that any decision not to provide him with additional medical care beyond what he had already been provided was made by medical professionals to whom the Sheriff Defendants are supposed to defer as to such issues. *See Brauner v. Coody*, 793 F.3d 493, 501 (5th Cir. 2015) ("considering that the medical professionals made all treatment decisions, there is no basis on which to find the

wardens liable"); *Krout v. Goemmer*, 583 F.3d 557, 568-570 (8th Cir. 2009); *Lee v. Young*, 533 F.3d 505 (7th Cir. 2008). Plaintiff's threadbare allegations against Sheriff Mitchell are insufficient to allege that Sheriff Mitchell engaged in any conduct that constituted "deliberate indifference" to a serious medical need. *See Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (under § 1983, a plaintiff "must identify defendants who were either personally involved in the [alleged] constitutional violation or whose actions were causally connected to the constitutional violation alleged"); *see Gobert*, 463 F.3d at 346.

Finally, to the extent Plaintiff's allegations could be read as attempting to assert a supervisory liability claim against Sheriff Mitchell in his individual capacity, any such claim also fails. "Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983." *Alton v. Texas A&M University*, 158 F.3d 196, 200 (5th Cir. 1999). A supervisory official can only be liable for a constitutional violation under Section 1983 "if that official demonstrates a deliberate indifference to a plaintiff's constitutionally protected rights." *Id.* In this way, there is a "close relationship between the elements of municipal liability [*i.e.*, a claim against a local government entity itself, such as an official capacity claim against a final policymaker] and an individual supervisor's liability." *Id.* Accordingly, to the extent Plaintiff's complaint and amended complaint could be read as attempting to assert a supervisory liability claim against Sheriff Mitchell, any such claim fails for the same reasons the official capacity/*Monell* claim against Sheriff Mitchell fails.

As to Warden Sweet, Plaintiff barely mentions Warden Sweet in his complaint or amended complaint at all. Plaintiff's only allegations against Warden Sweet are to identify him as a defendant in the case and to state that he "is the Warden of Sabine Parish Detention Center and is responsible for its day to day operations." [Doc. 1 at p. 3; Doc. 12 at p. 2]. Plaintiff never makes

any other factual allegations whatsoever against Warden Sweet. Plaintiff never alleges that he had any personal interaction with Warden Sweet. Plaintiff never alleges that Warden Sweet even knew about Plaintiff's claimed medical issues. Plaintiff never alleges that Warden Sweet had any personal involvement with any of the matters set forth in his complaint or amended complaint. Plaintiff's threadbare allegations against Warden Sweet are insufficient to allege that Warden Sweet engaged in any conduct that constituted "deliberate indifference" to a serious medical need. *See Woods*, 51 F.3d at 583; *see Gobert*, 463 F.3d at 346.

Finally, to the extent Plaintiff's complaint and amended complaint could be read as attempting to assert a supervisory liability claim against Warden Sweet, any such claim fails for the same reasons the official capacity/*Monell* claim against Warden Sweet fails. *See Alton*, 158 F.3d at 200.

As to Assistant Warden Remedies, Plaintiff barely mentions Assistant Warden Remedies in his original complaint at all. Plaintiff's only allegation against Assistant Warden Remedies is to identify her as a defendant in the case in his original complaint. [Doc. 1 at p. 3]. Plaintiff's amended complaint drops Assistant Warden Remedies from the list of defendants entirely. [*See* Doc. 12]. Thus, it appears that Plaintiff intentionally dropped her as a defendant in this suit, and that she is no longer a defendant in this suit – especially because the Court ordered Plaintiff to identify the "personal involvement" of each defendant and to "be specific" in his allegations against the defendants in his amended complaint. [Doc. 7 at p. 4].

Even if Assistant Warden Remedies is still a defendant despite Plaintiff's decision to drop her from his amended complaint, Plaintiff never makes any other factual allegations whatsoever against Assistant Warden Remedies. Plaintiff never alleges that he had any personal interaction with Assistant Warden Remedies. Plaintiff never alleges that Assistant Warden Remedies even

knew about Plaintiff's claimed medical issues. Plaintiff never alleges that Assistant Warden Remedies had any personal involvement with any of the matters set forth in his complaint or amended complaint. Plaintiff's threadbare allegations against Assistant Warden Remedies are insufficient to allege that Assistant Warden Remedies engaged in any conduct that constituted "deliberate indifference" to a serious medical need. *See Woods*, 51 F.3d at 583; *see Gobert*, 463 F.3d at 346.

Finally, to the extent Plaintiff's complaint and amended complaint could be read as attempting to assert a supervisory liability claim against Assistant Warden Remedies, any such claim fails for the same reasons the official capacity/*Monell* claim against Assistant Warden Remedies fails. *See Alton*, 158 F.3d at 200.

For the reasons set forth above, all individual capacity claims against the Sheriff Defendants should be dismissed with prejudice at the first step of qualified immunity.

***Plaintiff cannot show that any of the Sheriff Defendants' actions violated clearly established law:*** At the second step of qualified immunity, the plaintiff must show, by citation to precedent, that at the time of the defendant's alleged conduct, it was "clearly established" that the defendant's conduct violated a constitutional right. *See Pearson*, 555 U.S. at 232. The alleged actions of each defendant must be assessed individually, not collectively. *See Meadours*, 483 F.3d at 420-421.

"The dispositive question in this step of the qualified-immunity analysis is whether the violative nature of *particular* conduct is clearly established." *Cleveland*, 938 F.3d at 677 (internal quotations omitted, emphasis in original). The "clearly established" standard "requires that the legal principle clearly prohibit the officer's conduct in the particular circumstances before him." *District of Columbia v. Wesby*, 583 U.S. 48, 63-64 (2018). "In other words, existing law must have

placed the constitutionality of the officer's conduct beyond debate. This demanding standard protects all but the plainly incompetent or those who knowingly violate the law." *Id.* at 63 (internal quotations and citations omitted). Courts cannot "define clearly established law at a high level of generality," but instead must define it with "a high degree of specificity." *Id.* at 63-64; *see Mullenix v. Luna*, 577 U.S. 7, 12 (2015); *see Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 6 (2021); *City of Tahlequah v. Bond*, 595 U.S. 9, 12-13 (2021). Once a defendant raises qualified immunity, the burden to negate it shifts to the plaintiff. *See Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

Plaintiff cannot meet his burden of citing precedent that "clearly establishes" that the alleged actions of any of the Sheriff Defendants violated his Eighth Amendment rights. In fact, as set forth above, there simply are no factual allegations whatsoever against the Sheriff Defendants, so it is impossible for Plaintiff to cite any precedent holding that any of the Sheriff Defendants' actions violated clearly established law. Accordingly, if Plaintiff's individual capacity claims against the Sheriff Defendants are not dismissed at the first step of qualified immunity, they should nonetheless be dismissed at the second step of qualified immunity.

**E. Plaintiffs' state law claims against the Sheriff Defendants should be dismissed.**

Plaintiff asserts state law negligence claims against the Sheriff Defendants. But Plaintiff's allegations fail to state a claim for negligence against the Sheriff Defendants. As set forth above, Plaintiff fails to allege any specific facts regarding any of the Sheriff Defendants' actions whatsoever, other than to identify Sheriff Mitchell as the sheriff of Sabine Parish and Warden Sweet as the Warden of SPDC. [Doc. 1 at p. 3; Doc. 12 at p. 2]. Without any factual allegations meeting any of the elements of a negligence claim under Louisiana law, Plaintiff's negligence

claims against the Sheriff Defendants fail. *See Perkins v. Entergy Corp.*, 2000-1372 (La. 3/23/2001), 782 So. 2d 606, 611.

Further, the Sheriff Defendants are immune from Plaintiff's state law negligence claims under La. R.S. 9:2798.1. That statute provides that, with respect to "policymaking acts" and "discretionary acts" that are "within the course and scope" of the "lawful powers and duties" of public entities and their employees, public entities and their employees are generally immune from liability. Public entities and their employees are only deprived of this immunity if a plaintiff can show that the acts of which the plaintiff complains either (1) "are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists" or (2) "constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct." La. R.S. 9:2798.1(C)(1) and (2). "There is a presumption that when government employees exercise discretion given to them by a statute or regulation, they are doing so based on the same policy concerns that animate the controlling statute or regulation itself." *Dominique v. Parish*, 2019-0452 (La. App. 1 Cir. 9/16/2020), 313 So. 3d 307, 316.

"Policymaking" means "the planning of a course of action for the social or political well-being of the state." *Gregor v. Argenot Great Cent. Ins. Co.*, 2002-1138 (La. 5/20/2003), 851 So. 2d 959, 965. "Discretionary" acts are those in which a public official has "power of free decision or latitude of choice within certain legal bounds." *Id.* The implementation of medical policies and procedures at a jail is a policymaking or discretionary act. *See Rombach v. Culpepper*, 2021 WL 2944809 at *9-10 (5th Cir. 2021) (district court properly held that warden of a city jail was immune under La. R.S. 9:2798.1 from claims based on his institution of an allegedly inadequate medical care policy or custom at the city jail for inmates suffering from drug withdrawal); *see Aucoin v. Larpenter*, 2020-0792 (La. App. 1 Cir. 4/16/2021), 324 So. 3d 626, 636-640.

"Gross negligence . . . has a well-defined legal meaning distinctly separate, and different, from ordinary negligence" under Louisiana law:

> Gross negligence has been defined as the "want of even slight care and diligence" and the "want of that diligence which even careless men are accustomed to exercise." Gross negligence has also been termed the "entire absence of care" and the "utter disregard of the of (sic) prudence, amounting to complete neglect of the rights of others." Additionally, gross negligence has been described as an "extreme departure from ordinary care or the want of even scant care." *Rabalais v. Nash*, 2006-0999 (La. 3/9/2007); 952 So. 2d 653, 658. (internal citations omitted).

As set forth above, Plaintiff makes no specific factual allegations whatsoever regarding the Sheriff Defendants. The only allegations Plaintiff makes regarding the Sheriff Defendants are to identify Sheriff Mitchell as the Sheriff of Sabine Parish and to identify Warden Sweet as the Warden of SPDC. [*See* Doc. 1 at p. 3; Doc. 12 at p. 2]. But to the extent Plaintiff makes any allegations whatsoever regarding the Sheriff Defendants' conduct, the acts for which Plaintiffs seek to hold the Sheriff Defendants liable are policymaking and/or discretionary acts, since they pertain to the manner in which medical care is provided to inmates. *See Rombach*, 2021 WL 2944809 at *9-10; *see Aucoin*, 324 So. 3d at 636-640.

Plaintiff has not identified and cannot identify a single statute, rule, or regulation with which any of the Sheriff Defendants failed to comply regarding his medical care. Plaintiff's complaint and amended complaint contain no factual allegations that would show that either of the two exceptions to immunity under La. R.S. 9:2798.1 are met. Specifically, Plaintiff pleads no facts showing that any of the Sheriff Defendants' actions were either (1) "not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists" or (2) "constitute[d] criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct." La. R.S. 9:2798.1(C)(1) and (2). In fact, as set forth above, Plaintiff's own allegations show that there were numerous customs, policies, or practices at SPDC regarding

medical care for inmates at SPDC, and that they actually resulted in the provision of medical care to Plaintiff by both a nurse practitioner and "surgical doctors" at a hospital. Further, it was these medical professionals – not the Sheriff Defendants – who determined that Plaintiff did not need any treatment over and above what they had already provided to him. Thus, Plaintiffs' state law negligence claims should be dismissed. *See Rombach*, 2021 WL 2944809 at *9-10; *see Aucoin*, 324 So. 3d at 636-640.

## V.    <u>CONCLUSION</u>

For the above reasons, all of Plaintiff's claims for declaratory or injunctive relief should be dismissed without prejudice for lack of subject matter jurisdiction, since such claims are moot. Further, all of Plaintiff's claims for compensatory damages under the Eighth Amendment and state law against all of the Sheriff Defendants should be dismissed with prejudice.

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation

By:<u>    /s/ James Ashby Davis</u>
        Elizabeth Mendell Carmody, #25792
        Jordan Brice Bird, #32344
        James Ashby Davis, #37653
        Sarah E. Hyde, #40404
333 Texas Street, Suite 1700
P.O. Box 22260
Shreveport, LA 71120-2260
Telephone: (318) 221-6277
Telecopier: (318) 227-7850
ATTORNEYS FOR DEFENDANTS SABINE
PARISH SHERIFF AARON MITCHELL,
WARDEN BERLION SWEET, AND
ASSISTANT WARDEN KAYLYNN
REMEDIES

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing has been filed electronically with the Clerk of Court using the CM/ECF system, with notice to be sent electronically through that system to all counsel of record, and that tomorrow, August 27, 2024, a copy of the above and foregoing will be sent via certified mail, return receipt requested #9589 0710 5270 0702 0509 35, to Plaintiff Kevin Jerome James, #768012, David Wade Correctional Center, 670 Bell Hill Rd., Homer, LA 71040.

Shreveport, Louisiana, this 26th day of August, 2024.


                                        /s/ James Ashby Davis
                                          OF COUNSEL