RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
JUN 0 6 2025
DANIEL MCCOY, CLERK
BY:

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

KEVIN JEROME JAMES | CIVIL ACTION NO. 23-509-P
VERSUS | JUDGE HICKS
AARON MITCHELL, ET AL. | MAGISTRATE JUDGE HORNSBY

---

**RULE 59(E), MOTION TO RECONSIDER**

Denied. The court may reevaluate this order if it appears the case is going to trial.
June 10, 2025

On May 27, 2025, Plaintiff Kevin James received the Magistrate's Ruling denying his request for appointment of counsel. (Rec. Doc 49)

The Magistra[...]s not shown exceptional circu[...]l."

Offender Joh[...] of Plaintiff James, and asks f[...]

Before the c[...] deliberate indifference to h[...]Sabine Parish Detention Center. Plaintiff alleged is his complaint that while suffering with sever residual pain from a groin and hernia surgery, he fell down some stairs breaking his ankle and aggravating his groin injury. (Magistrate's R&R, Rec. Doc. 29, pgs. 2-3)

For numerous reasons stated by the Magistrate, all named defendants were dismissed with the exception of the claim against nurse Vines for damages. id. pgs. 4-11.

**REQUEST FOR APPOINTMENT OF COUNSEL**

The U.S. 5th Cir. has ruled that district courts are to consider the factors set out by Ulmer v. Chancellor when considering a Motion for Apportment of Counsel.

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large aprt of conflicting testimony so as to require skill in the presentation of evidence and in cross examination. RICKS v KHAN, MD, 2025 WL 1201763, (Fifth Cir. 4/25/2025)

With these factors in mind, inmate assisting Plaintiff James had him sign an AFFIRMATION stating that he had not personally prepared any of the material submitted in his claim and that he would not be able to proceed with his claim without assistants from trained counsel. As proof of this factor, John Doe pointed to the numerous errors made by the first inmate assisting James in the pleading and filing of his 1983 Claim. This AFFIRMATION should have fulfilled factors (2), whether the indigent is capable of adequately presenting his case, and, (3) whether the indigent is in a position to investigate adequately the case.

Magistrate Hornsby's name appears on many offender 1983 Claims and would be in a position to know that incarcerated inmates **DO NOT** have the training, and very few have the experience to adequately present their cases. As shown above, all of Plaintiff James' defendants, but one, were dismissed on summary judgment because the original and amended complaint did not legally state, or show, how the named defendants were responsible for his allegations that the defendant's failed to properly diagnose and treat the underlying

cause of the pain that was causing his prolonged pain and suffering.

So Magistrate Hornsby has seen that Plaintiff James has not been able to adequately present his case, satisfying factor (2) of the ULMER inquiry.

Magistrate Hornsby's experience with the incarcerated would have also shown him that the incarcerated, pro se plaintiff, does not have the ability, due to restrictions on the incarcerated inmate, or the resources to adequately investigate his case. And because of Plaintiff James' lack of experience, he would not be in a position to prepare or argue Motions to Compel discovery, which is currently needed in his case. Factor (3)

Factors (1) & (4): the type and complexity of the case; and whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.

Plaintiff James' case seeks damages for pain and suffering because of perpetual refusals to diagnose and treat the underlying cause of his groin pain that was exasperated by the fall and breaking of his ankle.

Certainly defense counsel will attempt to solicite testimony that he **WAS** treated for his complaints, and only trained counsel will have the experience to properly cross-examine these witnesses or experts, and to show that just because he may have been seen by health care providers, does not mean his underlying condition was properly diagnosed or treated.

Petitioner James prays that the above submission is more in line with court's requirments to show that under the Ulmer factors, Petitioner James would not be able to continue his case without the appointment of counsel.

Respectfully prepared by annomous inmate for Kevin James, and,

Respectfully submitted by:

Kevin James
Kevin James, #768012
David Wade Corr. Ctr. H2A
670 Bell Hill Rd.
Homer, La. 71040

CERTIFICATE OF SERVICE

I, Kevin James, HEREBY CERTIFY, that a copy of this Rule 59(e) Motion to Reconsider Appointment of Counsel, has been mailed to counsel of record by placing a copy in the hands of David Wade's Legal Mail personnel on this 30th day of May, 2025.

Kevin James
Kevin James

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| KEVIN JEROME JAMES | CIVIL ACTION NO. 23-509-P |
| VERSUS | JUDGE HICKS |
| AARON MITCHELL, ET AL. | MAGISTRATE JUDGE HORNSBY |

---

AFFIRMATION

I, Kevin James, hereby affirm that I have not personally prepared any of the documents filed in the above captioned case, and that I have no pro se litigation experience, and that appointment of counsel would be essential for me to continue with my remaining claim for damages against Nurse Vines.

SWORN TO UNDER PENALTY OF PERJURY, ON THE 14 DAY OF MAY, 2025.

Kevin James
Kevin James

May 30, 2025

Kevin James, #768012
David Wade Corr. Ctr. H2A
670 Bell Hill Rd.
Homer, La. 71040

RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
JUN 0 6 2025
DANIEL J. McCOY, CLERK
BY: mdh

Clerk of Court
U.S. Western District of La.
300 Fannin St. Ste 1167
Shreveport, La. 71101-3083

Re: Rule 59(e), Motion to Reconsider, denial of counsel

Dear Clerk of Court:

Please file the enclosed Rule 59(e) Motion to Reconsider Appointment of Counsel, into the record and submit the Motion to the court for consideration.

Sincerely,

Kevin James
Kevin James